J-S14022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: D.C., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | No. 1381 EDA 2014 |

Appeal from the Dispositional Order of April 4, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): JV-30-2014

BEFORE:  DONOHUE, OLSON AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                   **FILED APRIL 01, 2015**

Appellant, D.C., appeals from the order of disposition entered on April 4, 2014.  We vacate and remand.

On March 10, 2014, following an adjudicatory hearing, Appellant, a minor,[1] was adjudicated delinquent for acts constituting involuntary deviate sexual intercourse with a child and indecent assault.[2]  On April 4, 2014, the juvenile court entered its order of disposition, wherein the juvenile court committed Appellant to the Northampton County Juvenile Justice Center – Special Treatment Unit and subjected Appellant to lifetime registration under 42 Pa.C.S.A. § 9799.15(a)(4) of the Sex Offender Registration and Notification Act (hereinafter "SORNA" or "the Act").

---

[1] At the time Appellant committed the offense in this case, Appellant was 15 years old and a resident of Pennsylvania.

[2] 18 Pa.C.S.A. §§ 3123(b) and 3126(a)(7), respectively.

Appellant filed a timely notice of appeal. Appellant now raises the following claims to this Court:[3]

> 1. Is juvenile sex offender registration under [42 Pa.C.S.A. § 9799.10 *et seq.*] inconsistent with the juvenile act?
>
> 2. Does juvenile sex offender registration under [42 Pa.C.S.A. § 9799.10 *et seq.*] constitute punishment?
>
> 3. Does juvenile sex offender registration under [42 Pa.C.S.A. § 9799.10 *et seq.*] create an irrebuttable presumption that violates a juvenile's right to due process?
>
> 4. Does juvenile sex offender registration under [42 Pa.C.S.A. § 9799.10 *et seq.*] violate a juvenile's right of reputation?
>
> 5. Does juvenile sex offender registration under [42 Pa.C.S.A. § 9799.10 *et seq.*] violate the cruel and unusual punishment clauses of the Pennsylvania and United States Constitutions?

Appellant's Brief at 4 (some internal capitalization omitted).

While the current appeal was pending before this Court, the Pennsylvania Supreme Court decided ***In the Interest of J.B.***, ___ A.3d ___, 2014 WL 7369785 (Pa. 2014) and held "that the application of SORNA's current lifetime registration requirements upon adjudication of specified offenses violates juvenile offenders' due process rights by utilizing an

---

[3] The juvenile court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant complied with the juvenile court's order and, within his Rule 1925(b) statement, Appellant listed the claims he currently raises on appeal.

irrebuttable presumption." ***In the Interest of J.B.***, ___ A.3d at ___, 2014 WL 7369785 at *13.

    ***J.B.*** unquestionably applies to Appellant's case, as Appellant was subject to SORNA's lifetime registration requirement simply because he was adjudicated delinquent for acts which would constitute involuntary deviate sexual intercourse.[4] Specifically, under 42 Pa.C.S.A. § 9799.12, Appellant's involuntary deviate sexual intercourse adjudication caused him to be defined as a "juvenile offender" under SORNA;[5] and, since Appellant was defined as a "juvenile offender" under SORNA, 42 Pa.C.S.A. §§ 9799.13(8) and 9799.15(a)(4) rendered Appellant **automatically** subject to lifetime registration under the Act.[6, 7] Therefore, in accordance with our Supreme

---

[4] The Commonwealth concedes that ***J.B.*** "controls the instant matter." Commonwealth's Letter, 1/2/15, at 1.

[5] 42 Pa.C.S.A. § 9799.12 (defining the term "juvenile offender," in relevant part, as follows: "[a]n individual who was 14 years of age or older at the time the individual committed an offense which, if committed by an adult, would be classified as an offense under . . . [18 Pa.C.S.A. §] 3123 (relating to involuntary deviate sexual intercourse). . . [and was] adjudicated delinquent for such offense on or after the effective date of this section").

[6] 42 Pa.C.S.A. § 9799.13(8) ("The following individuals shall register with the Pennsylvania State Police as provided in sections 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) and 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police) and otherwise comply with the provisions of this subchapter: . . . (8) An individual who, on or after the effective date of this section, is a juvenile offender who was adjudicated delinquent within this Commonwealth . . . and: (i) has a residence within this Commonwealth; (ii) is employed within this Commonwealth; or (iii) is a student within this Commonwealth").

Court's opinion in ***J.B.***, application of SORNA's lifetime registration provision against Appellant is unconstitutional, as it was based upon an irrebuttable presumption that arose from Appellant's adjudication on a specified offense.

Order of disposition vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/2015

---

*(Footnote Continued)* ————————————

[7] 42 Pa.C.S.A. § 9799.15(a)(4) ("an individual specified in section 9799.13 (relating to applicability) shall register with the Pennsylvania State Police as follows: (4) A juvenile offender who was adjudicated delinquent in this Commonwealth . . . shall register for the life of the individual").